NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHALMO HUMBERTO CUELLAR CABRERA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 19-73174<br><br>Agency No. A209-398-593<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2026**
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Johalmo Cuellar Cabrera ("Cuellar Cabrera"), a native and citizen of El

Salvador, seeks review of the Board of Immigration Appeals' ("BIA") decision

affirming the immigration judge's ("IJ") denial of asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

Where, as here, the BIA agrees with the IJ's reasoning and supplements that reasoning with its own analysis, we review both decisions. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review the denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Under this standard, we must uphold the BIA's determination unless the evidence compels a contrary conclusion. *Id.*

1.      The BIA correctly deemed the IJ's denial of withholding of removal and CAT protection waived.[1] Before the BIA, Cuellar Cabrera limited his appeal to his asylum claim. On appeal to this court, Cuellar Cabrera ignores the BIA's waiver determination, challenges the IJ's denial of withholding of removal on the merits, and cursorily mentions CAT protection. As a result, the BIA's waiver determination is forfeited, the denial of withholding of removal and CAT protection are unexhausted, and, therefore, unreviewable. *See* 8 U.S.C. § 1252(d)(1); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024)

---

[1]     We note the poorly handled representation and poor quality of briefing in this case by Cuellar Cabrera's original appellate counsel, Tori S. Bryant. Bryant was disbarred for "repeated failures to comply with the court's rules and orders, and for conduct unbecoming [of] member[s] of the court's bar." *Cabrera de Cuellar v. Bondi*, No. 19-73018, 2025 WL 2924544, at *2 n.2 (9th Cir. Oct. 15, 2025) (quoting *Matter of Tori S. Bryant*, No. SB-22-0062-SP (Ariz. Apr. 6, 2023)); *see also In re Tori Bryant*, No. 19-80173, Dkt. 10 (9th Cir. Mar. 19, 2025).

(explaining that the exhaustion requirement in § 1252(d)(1) is a mandatory claims-processing rule "in the sense that a court must enforce the rule if a party properly raises it" (citation modified)); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013).

Cuellar Cabrera also waived any challenge to the agency's finding that his proposed particular social group ("PSG") defined as "Salvadoran youth who are resistant to gang recruitment and membership" is not cognizable by failing to raise any argument to this court. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (noting that a party waives any issue not specifically raised and argued in the opening brief).

2.    Substantial evidence supports the agency's determination that Cuellar Cabrera failed to demonstrate any nexus between his past harm or fear of future harm and his membership in his proposed PSG defined as "immediate family members of Salvadoran youth who are resistant to gang recruitment." *See Urias-Orellana v. Bondi*, 607 U.S. 537, 545 (2026). Cuellar Cabrera failed to show that the Barrio 18 gang specifically sought him out because he is a member of his family or that the gang held any hostility against his family members. Instead, as the agency correctly found, the Barrio 18 gang members targeted Cuellar Cabrera based on their interest in having him join the gang and he was targeted as soon as he became a teenager. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir.

3

2021) (noting that the persecutors' statements and the timing of the encounters "may constitute circumstantial evidence of motive").

Additionally, the evidence before the agency showed that anyone who refused to join the gang experienced the same threats as Cuellar Cabrera. Cuellar Cabrera testified that gang members recruit young people like him because it is easier to convince them to join. He further testified that several of his classmates were being similarly targeted in 2016 and that his brother was also targeted in 2014. Thus, the agency properly concluded that the gang members' motive for targeting Cuellar Cabrera was to recruit him and this bears no nexus to any protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [immigrant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Since the "lack of a nexus to a protected ground is dispositive of [a petitioner's] asylum" claim, the panel need not reach the agency's alternative grounds for denying asylum. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (holding that courts "are not required to make findings on issues the decision of which is unnecessary to the results they reach").

**PETITION DENIED.**[2]

---

[2]     Petitioner's Motion to Stay, Dkt. No. 1, is DENIED.